UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

-----------------------------------------------------------------x

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, formerly known as ROYAL INDEMNITY COMPANY and as successor-in-interest to ROYAL GLOBE INSURANCE COMPANY<br>3600 Arco Corporate Drive<br>Charlotte, NC  28273<br><br>And<br><br>EDWARD R. HART COMPANY, INC.<br>437 McGregor Avenue, N.W.<br>Canton, OH  44703<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY<br>CNA Plaza – 09 South<br>Chicago, IL  60685<br><br>And<br><br>TRANSPORTATION INSURANCE COMPANY<br>CNA Plaza – 09 South<br>Chicago, IL  60685<br><br>Defendants. | CASE NO.:<br><br><br><br><br><br><br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

Arrowood Indemnity Company formerly known as Royal Indemnity Company and as successor-in-interest to Royal Globe Insurance Company ("Arrowood") and Edward R. Hart Company ("Hart"), (Arrowood and Hart collectively referred to herein as "Plaintiffs") by and through their undersigned counsel hereby bring their Complaint for Declaratory Judgment against Defendants Continental Casualty Company and Transportation Insurance Company ("collectively

CNA") and states as follows:

## NATURE OF THE ACTION

1. This is a civil action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure to determine the respective obligations, relationships, rights and responsibilities of Arrowood and CNA to Hart in connection with underlying lawsuits seeking damages for bodily injuries allegedly sustained as a result of exposure to asbestos-containing products allegedly sold or distributed by Hart.

## FACTUAL BACKGROUND

2. Hart has been sued as a defendant in asbestos litigation in various states by plaintiffs who were allegedly injured as a result of exposure to asbestos-containing products allegedly sold or distributed by Hart. It is anticipated that additional asbestos bodily injury lawsuits may be filed against Hart

3. Hart tendered the defense and indemnity of the underlying lawsuits to Arrowood and CNA under certain policies of insurance issued to or subscribed in favor of Hart.

4. Subject to a reservation of their respective rights, Arrowood and CNA have participated in a cost share in connection with the underlying claims pending against Hart.

5. Under the existing cost share, Arrowood and CNA have contributed their respective pro rata time-on-the-risk share of the reasonable and necessary costs of Hart's defense and to indemnify Hart in connection with any settlements and judgments reached in the underlying lawsuits in accordance with their pro rata time-on-the-risk percentage.

6. Pro rata time-on-the-risk percentage shares were reached under the cost share agreement based upon all policies that were known to have been issued to Hart at the time that the

cost share agreement was entered into. Arrowood and CNA have since made payments and continue to make payments consistent with those percentage shares.

7. However, subsequent to the cost share agreement, Arrowood discovered evidence of an additional three year policy issued by CNA to Hart under policy number 9912495 for the policy period 05/01/73 – 05/01/76 ("CNA Three Year Policy").

8. Arrowood provided CNA with evidence of the existence of the CNA Three Year Policy and advised that the insurers' respective pro rata time-on-the-risk percentages would need to be reallocated in order to take into account the coverage provided by the CNA Three Year Policy.

9. Arrowood provided CNA with a specific proposal for the reallocation of the defense and indemnity cost share percentages.

10. CNA advised that it was willing to discuss a re-negotiation of the allocations of defense costs and indemnity expenses and that it would respond to Arrowood's proposal.

11. However, despite repeated requests from Arrowood, CNA has failed to respond to Arrowood's reallocation proposal, or to provide any counter proposal with respect to the reallocation of the defense and indemnity cost share percentages to include the CNA Three Year Policy.

12. Notwithstanding the wrongful refusal of CNA to participate in the defense and indemnity of Hart under the CNA Three Year Policy, Arrowood has continued to pay the percentage of defense and indemnity costs initially agreed to under the cost share agreement, which is in excess of its pro rata time-on-the-risk share in light of the CNA Three Year Policy.

13. CNA has failed to participate in the defense or indemnification of Hart with respect to the underlying lawsuit under the CNA Three Year Policy.

14. CNA is responsible for the share of Hart's defense and/or indemnity costs that is attributed to the period of the CNA Three Year Policy under a pro rata time-on-the-risk methodology.

## THE PARTIES

15. Arrowood is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina and has conducted business in the State of Ohio.

16. Hart is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Canton, Ohio and upon information and belief has conducted business in the State of Ohio.

17. Continental Casualty Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois and has conducted business in the State of Ohio.

18. Transportation Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois and has conducted business in the State of Ohio.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332. As set forth below there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Venue is proper in this district under 28 U.S.C. § 1391 (a) and (c) because CNA is subject to personal jurisdiction in Ohio and substantial part of the events or omissions giving rise to this claim occurred in this district, including the issuance and delivery of the policies that are at

issue.

## INSURANCE POLICIES

21. Arrowood and CNA have been providing a defense and indemnity to Hart in connection with the underlying lawsuits under the following primary policies:

| Carrier | Policy No. | Policy Period |
|---|---|---|
| CNA | CAP2224884 | 5/1/76-5/1/77 |
| CNA | CAP2224884 | 5/1/77-9/29/77 |
| Arrowood | PYB365172 | 8/1/77-8/1/78 |
| Arrowood | PYB365172 | 8/1/78-8/1/79 |
| Arrowood | PYB365172 | 8/1/79-8/1/80 |
| Arrowood | RYA145192 | 8/1/80-8/1/81 |
| Arrowood | RYA145192 | 8/1/81-8/1/82 |
| Arrowood | RYA145192 | 8/1/82-8/1/83 |
| Arrowood | RYAC74835 | 8/1/83-8/1/84 |
| Arrowood | RYAC74835 | 8/1/84-4/1/85 |
| CNA | CCP902435176 | 4/1/85-4/1/86 |
| CNA | 902435176 | 4/1/86-4/1/87 |
| CNA | 902435176 | 8/1/87-8/1/88 |
| CNA | 902435176 | 8/1/88-8/1/89 |
| CNA | 902435176 | 8/1/89-8/1/90 |

22. Upon information and belief, CNA also issued to or subscribed in favor of Hart additional liability insurance, including but not limited to the following CNA Three Year Policy which provides defense and indemnity coverage for the underlying lawsuits:

| Policy Number | Policy Period |
|---|---|
| 9912495 | 5/1/73-5/1/75 |

## COUNT I
## DECLARATORY JUDGMENT

23. Plaintiffs incorporate by reference the allegations of Paragraphs 1-22 above as though fully set forth herein.

24. An actual, present and justiciable controversy exists regarding the application of the CNA Three Year Policy with respect to the underlying lawsuits and Plaintiffs have a right to

5

judgment declaring the obligations of CNA under all of the insurance policies, including but not limited to the CNA Three Year Policy, issued to or subscribed in favor of Hart that have or may have coverage obligations applicable to the underlying lawsuits. The issuance of declaratory relief by this Court is necessary to resolve part or all of the existing controversy between the Plaintiffs and CNA.

25. Plaintiffs seek a judicial determination that CNA is obligated to provide a defense and to indemnify Hart under all of the policies issued by CNA to Hart, including but not limited to the CNA Three Year Policy, for the underlying lawsuits.

26. Plaintiffs further request that this Court determine and declare the respective obligations of Arrowood and CNA with respect to any defense costs and/or indemnity costs incurred or to be incurred in connection with the underlying lawsuits.

27. Moreover, Arrowood also has a right to a judgment declaring that CNA is obligated to reimburse Arrowood for its share of the defense, settlement payments and/or other forms of indemnity paid by Arrowood to date in connection with the underlying lawsuits which is attributed to the period of the CNA Three Year Policy, or to any other policy issued by CNA to Hart under which defense and indemnity has not been provided, under a pro rata time-on-the-risk methodology.

## COUNT II
### INDEMNIFICATION, CONTRIBUTION, SUBROGATION, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION FOR <u>PAST DEFENSE COSTS AND INDEMNITY PAYMENTS</u>

28. Arrowood repeats and incorporates Paragraphs 1 to 27 by reference as if fully set forth herein.

29. Arrowood has paid and continues to pay certain defense related fees and costs in connection with the defense of Hart in the underlying lawsuits.

6

30. To the extent that this Court determines that CNA has an obligation to defend Hart in connection with the underlying lawsuits under the CNA Three Year Policy and/or under any other policy issued by CNA to Hart under which a defense has not been provided, Arrowood hereby asserts its right under the terms and conditions, including but not limited to the other insurance clauses, of the insurance policies and pursuant to the doctrines of contribution, subrogation, equitable contribution and equitable subrogation to be reimbursed by CNA for CNA's share under the CNA Three Year Policy and/or any other insurance policy issued by CNA to Hart, of any and all amounts that Arrowood has paid to, or on behalf of, Hart in connection with its defense in the underlying lawsuits which is in excess of Arrowood's pro rata time-on-the-risk share and is attributed to the period of the CNA Three Year Policy, or to any other policy issued by CNA to Hart under which a defense has not been provided, under a pro rata time-on-the-risk methodology.

31. Arrowood has paid and continues to pay certain indemnity payments in connection with the indemnification of Hart in the underlying lawsuits.

32. To the extent that this Court determines that CNA has an obligation to indemnify Hart in connection with the underlying lawsuits under the CNA Three Year Policy and/or under any other policy issued by CNA to Hart under which indemnity has not been provided, Arrowood hereby asserts its right under the terms and conditions, including but not limited to the other insurance clauses, of the insurance policies and pursuant to the doctrines of contribution, subrogation, equitable contribution and equitable subrogation to be reimbursed by CNA for CNA's share under the CNA Three Year Policy and/or any other insurance policy issued by CNA to Hart, of any and all amounts that Arrowood has paid to, or on behalf of, Hart for settlements and judgments reached in connection with the underlying lawsuits which is in excess of Arrowood's pro rata time-on-the-risk share and is attributed to the period of the CNA Three Year Policy, or to any other policy issued by

CNA to Hart under which indemnity has not been provided, under a pro rata time-on-the-risk methodology.

### COUNT III
### INDEMNIFICATION, CONTRIBUTION, SUBROGATION, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION FOR FUTURE DEFENSE COSTS AND INDEMNITY PAYMENTS

33. Arrowood incorporates by reference the allegations of Paragraphs 1-32 above as though fully set forth herein.

34. To the extent that this Court determines that CNA has an obligation to defend and/or indemnify Hart in connection with the underlying lawsuits under the CNA Three Year Policy and/or under any other policy issued by CNA to Hart under which defense and indemnity has not been provided, Arrowood hereby asserts its right under the terms and conditions, including but not limited to the other insurance clauses, of the applicable insurance policies and pursuant to the doctrines of contribution, subrogation, equitable contribution and equitable subrogation to be reimbursed by CNA for CNA's share of any and all amounts that may in the future be paid by Arrowood in excess of its own pro rata time-on-the-risk share, to, or on behalf of, Hart in connection with its defense and/or indemnification in the underlying lawsuits which is attributed to the period of the CNA Three Year Policy, or under any other policy issued by CNA to Hart under which defense and indemnity has not been provided, under a pro rata time-on-the-risk methodology.

### COUNT IV
### BREACH OF CONTRACT

35. Hart incorporates by reference the allegations of Paragraphs 1-40 above as though fully set forth herein.

36. CNA is obligated to defend and indemnify Hart under the CNA Three Year Policy, in connection with the underlying lawsuits.

8

37. CNA has refused and continues to refuse to honor its defense and indemnity obligation to Hart under the CNA Three Year Policy. As a result, CNA has materially breached its insurance contract with Hart under the CNA Three Year Policy.

38. As a result of CNA's breach of the contract under the CNA Three Year Policy, Hart will suffer economic damages, including but not limited to unreimbursed costs incurred in connection with its defense and/or indemnification in the underlying lawsuits which is attributed to the period of the CNA Three Year Policy, under a pro rata time-on-the-risk methodology.

39. Wherefore, as a result of CNA's material breach of contract, Hart demands: 1) judgment against CNA or damages resulting from CNA's material breach of the CNA Three Year Policy; 2) reimbursement by CNA for any and all amounts that Hart has paid and may incur in the future in connection with its defense and indemnification in the underlying lawsuits; and 3) payment of the fees and costs from this action, interest and such other relief as this court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Hart and Arrowood request the Court enter a judgment:

1) Consistent with the relief sought above;

2) Declaring the obligations of CNA to Hart under the insurance policies that it issued to or subscribed in favor of Hart with respect to the underlying lawsuits, including but not limited to the CNA Three Year Policy, as requested above and specifically declaring that: i) CNA is obligated to provide a defense and to indemnify Hart under the CNA Three Year Policy and under any other policy issued by CNA to Hart under which defense and indemnity has not been provided for the underlying lawsuits; and ii) CNA is obligated to reimburse Arrowood for its share of the defense, settlement payments and/or other forms of indemnity paid by Arrowood to date in connection with

9

the underlying lawsuits which is attributed to the CNA Three Year Policy, or under any other policy issued by CNA to Hart under which defense and indemnity has not been provided for the underlying lawsuits.

3) Awarding damages to Arrowood, in a sum to be determined by the Court, as reimbursement from CNA under the principles of contribution, subrogation, equitable contribution and equitable subrogation, as well as under the other insurance clauses of the insurance policies for defense costs that Arrowood has paid in excess of its pro rata time-on-the-risk share that should have been paid by CNA under the CNA Three Year Policy and/or under any other policy issued by CNA to Hart under which a defense has not been provided for the underlying lawsuits, in accordance with its pro rata time-on-the risk share;

4) Awarding damages to Arrowood, in a sum to be determined by the Court, as reimbursement from CNA under the principles of contribution, subrogation, equitable contribution and equitable subrogation, as well as under the other insurance clauses of the insurance policies for settlement amounts and/or other forms of indemnity that Arrowood has paid that should have been paid by CNA under the CNA Three Year Policy, and/or under any other policy issued by CNA to Hart under which indemnity has not been provided for the underlying lawsuits, in accordance with its pro rata time-on-the risk share;

5) Declaring that Arrowood is entitled to reimbursement from CNA under the principles of contribution, subrogation, equitable contribution and equitable subrogation, as well as under the other insurance clauses of the insurance policies for CNA's share of any and all amounts that may in the future be paid by Arrowood in excess of its own pro rata time-on-the-risk share, in connection with the defense and/or indemnification of Hart in the underlying lawsuits and which is attributed to the period of the CNA Three Year Policy an/or under any other policy issued by CNA to Hart under

which defense and indemnity has not been provided for the underlying lawsuits, under a pro rata time-on-the-risk methodology.

6) Awarding Hart damages, in a sum to be determined, for CNA's material breach of contract in refusing to defend and indemnify Hart under the CNA Three Year Policy in connection with the underlying lawsuits;

7) Declaring that Arrowood is entitled to attorneys' fees, interest, and costs in this action and for such other and further relief as this Court may deem just, proper, and equitable.

September 17, 2010

                    Respectfully submitted,

                    s/ Sarah J. Edwards_____
                    LITLLETON JOYCE UGHETTA PARK & KELLY LLP

                    Robert L. Joyce
                    Sarah J. Edwards
                    39 Broadway, 34th Floor
                    New York, New York 10006
                    Telephone: (212) 404-5777

                    s/ Edward M. Ryder_____
                    MAZANEC, RASKIN, RYDER & KELLER CO., L.P.A.

                    Edward M. Ryder (0008627)
                    Mary Beth Klemencic (0081283)
                    100 Franklin's Row
                    34305 Solon Road
                    Solon, Ohio 44139
                    (440) 248-7906
                    (440) 248-8861 – Fax
                    Email: eryder@mrrklaw.com
                              mklemencic@mrrklaw.com

                    Attorneys for Plaintiffs